THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Ryan Lee,<br><br>                    Plaintiff,<br>v.<br><br>Capital One Bank (USA), N.A.; Johnson Mark, LLC; ABC Legal Services,<br><br>                    Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:25-cv-540 TC DBP<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Dustin B. Pead |

This matter comes before the court on Defendant Johnson Mark, LLC's Motion to Dismiss for Insufficient Service of Process.[1] For the reasons set forth below, the court recommends granting Johnson Mark's Motion.[2]

**BACKGROUND**

Pro se Plaintiff Ryan Lee filed this matter initially on July 29, 2025, and on that same day, he also filed a First Amended Complaint.[3] Thereafter the court issued summons, and Mr. Lee caused his process server, Helfritz Asi, to serve the First Amended Complaint and Summons on Johanson Mark, LLC. Plaintiff's process server left the documents in a FedEx copy bag with Eva Caudillo, a receptionist for Johnson Mark, Ms. Caudillo is not authorized to accept service of process, and the process server did not ask to serve the registered agent or officer. Johnson Mark notes that Butch Johnson and Bill Mark are both officers and managers and authorized to

---

[1] ECF No. 20.

[2] This matter is referred to the undersigned from Judge Tena Campbell pursuant to 28 U.S.C. § 636(b)(1)(B) for disposition of all matters. ECF No. 36.

[3] Redacted First Amended Complaint, ECF No. 9.

accept service. Other individuals in the office are also authorized to accept service of process. To date no other service attempts have been made.

## DISCUSSION

Mr. Lee proceeds pro se. Accordingly, the court reviews Plaintiff's "pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."[4] While making allowances for "failure to cite proper legal authority, confusion of various legal theories, poor syntax and sentence structure, or unfamiliarity with the pleading requirements,"[5] the court will not construct arguments on Plaintiff's behalf and Plaintiff must comply with "the same rules of procedure that govern other litigants."[6] Specifically, as it relates here, a "pro se litigant is still obligated to follow the requirements of Fed.R.Civ.P. 4."[7]

The parties agree that service is governed by Fed. R. Civ. P. 4(h) and Utah R. Civ. P. 4(d)(1)(E). Federal Rule 4(h) provides for service by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process …."[8] Utah Rule of Civil Procedure 4(d)(1)(E) largely mirrors the Federal Rule and also requires service by "delivering a copy of the summons and complaint to an officer, a managing or general agent, or other agent authorized by

---

[4] *Trackwell v. United States,* 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).

[5] *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (alteration omitted)).

[6] *Serna v. Irvine,* 2023 U.S. Dist. LEXIS 33171, at *4 (D. Colo. Feb. 28, 2023) (citation omitted); *see also Ogden v. San Juan Cnty.,* 32 F.3d 452, 455 (10th Cir. 1994) (requiring a pro se litigant to "comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").

[7] *DiCesare v. Stuart*, 12 F.3d 973, 980, 1993 WL 524388 (10th Cir. 1993).

[8] Fed. R. Civ. P. 4.

appointment or law to receive process …."[9] The Utah Rule further provides that if there is no agent available for service, then service may be made "upon the person in charge of the place of business."[10]

Plaintiff relies on the "person in charge" language arguing Ms. Caudillo was the person in charge so service was valid. This argument carries no weight. There is no evidence that Plaintiff's process server even attempted to serve the proper person. One cannot simply drop off a service packet to a receptionist or secretary and claim they are the person in charge. This court already rejected this same type of argument and there is no reason to not do the same here.[11]

Next, Plaintiff asserts actual notice of this suit, as evidenced by Defendant's filings, eliminates any prejudice. Thus, service is proper under the leniency given a pro se litigant. This is not the correct standard. "Effectuation of service is a precondition to suit."[12] And a plaintiff even if they are acting pro se, still has the burden of establishing the validity of service.[13] Plaintiff offers no authority for his argument and Defendant provides ample authority against the notion that actual notice equals effective service.[14]

Finally, Plaintiffs stated willingness to cure any deficiency under Rule 4 does not somehow retroactively validate the improper service. Plaintiff's arguments are not supported by the facts or well-established law. Defendant's Motion therefore should be granted.

---

[9] Utah R. Civ. P. 4.

[10] *Id.*

[11] *Allison v. Utah Cnty. Corp.*, 335 F. Supp. 2d 1310, 1313, 2004 WL 2070649 (D. Utah 2004) (rejecting argument that "leaving a copy of the summons and complaint with … a secretary … who happened to be in the … office when the process server arrived" was sufficient).

[12] *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir.1998).

[13] *FDIC v. Oaklawn Apts.*, 959 F.2d 170, 174 (10th Cir.1992).

[14] *See, e.g., Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990) (ervice on attorneys not authorized to receive service of process was improper); *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623-25 (6th Cir. 2004) ("Actual knowledge of a lawsuit does not substitute for proper service under Fed.R.Civ.P. 4.").

3

## RECOMMENDATION

For the reasons set forth above, the undersigned RECOMMENDS that Defendant's Motion to Dismiss be GRANTED and that this action be DISMISSED WITHOUT PREJUDICE as to Johnson Mark.[15]

## <u>NOTICE TO PARTIES</u>

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[16] The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court of for appellate review."[17] Failure to object may constitution waiver of the objections upon subsequent review.

DATED this 24 February 2026.

Dustin B. Pead
United States Magistrate Judge

---

[15] *Sheldon v. Vermonty*, 269 F.3d 1202, 1207 n.5 (10th Cir. 2001) (explaining that dismissal with prejudice is appropriate where a plaintiff's amended pleadings fail to cure the deficiencies in his claims); *Creamer v. Washburn L. Sch.*, No. 19-CV-2044-CM-TJJ, 2019 WL 2647682, at *3 (D. Kan. Apr. 24, 2019) ("Plaintiff has already filed an Amended Complaint that also fails to state a claim upon which relief may be granted, so it appears it would be futile to allow Plaintiff to amend her complaint again."), *report and recommendation adopted*, No. 19-2044-CM-TJJ, 2019 WL 2646660 (D. Kan. June 27, 2019); *Carey v. Avis Budget Car Rental, LLC*, No. 13-CV-0326-CVE-FHM, 2013 WL 5744754, at *7 (N.D. Okla. Oct. 23, 2013) ("Plaintiff has previously been given leave to amend her complaint. Plaintiff's amended complaint, like her original complaint, fails to state a claim. The Court finds that granting plaintiff leave to amend her complaint a second time would be futile.").

[16] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[17] *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).