THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Ryan Lee, <br><br>       Plaintiff, <br> v. <br><br> Capital One Bank (USA), N.A.; Johnson Mark, LLC; ABC Legal Services, <br><br>       Defendants. | REPORT AND RECOMMENDATION <br><br> Case No. 2:25-cv-540 TC DBP <br><br> District Judge Tena Campbell <br><br> Magistrate Judge Dustin B. Pead |

Defendant Capital One, N.A., moves the court to dismiss Plaintiff's First Amended Complaint for failure to state a claim.[1] Plaintiff Ryan Lee, who is proceeding pro se, takes issue with Capital One's collection efforts on credit card debt Plaintiff owes. In May of 2025, Capital One filed a state collective action in the Utah courts. Mr. Lee brought this action asserting the collection tactics were abusive, the credit reporting contained inaccuracies, tortious interference with Mr. Lee's business interests, and that his private information was unlawfully publicized. Having considered the parties' respective memoranda, for the reasons set forth herein, the undersigned recommends granting Capital One's Motion.[2]

## BACKGROUND

Ryan Lee filed this matter initially on July 29, 2025, and on that same day, he filed a First Amended Complaint.[3] In his Amended Complaint Plaintiff brings four causes of action. (1) violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d-g; (2) violation of the

---

[1] ECF No. 21.

[2] This matter is referred to the undersigned from Judge Tena Campbell pursuant to 28 U.S.C. § 636(b)(1)(B) for disposition of all matters. ECF No. 36.

[3] Redacted First Amended Complaint, ECF No. 9.

Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b); (3) Tortious Interference and Retaliatory Abuse of Process; and (4) Invasion of Privacy and Unauthorized Disclosure. Plaintiff seeks "compensatory and punitive damages under the FCRA, FDCPA, and state tort law, and requests injunctive and declaratory relief to prevent continued procedural abuse by creditors and collectors who act without standing or due diligence."[4]

## LEGAL STANDARD

### I.      Legal Standard for Pro Se Plaintiff

Mr. Lee proceeds pro se. The court therefore reviews Plaintiff's "pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."[5] While making allowances for "failure to cite proper legal authority, confusion of various legal theories, poor syntax and sentence structure, or unfamiliarity with the pleading requirements,"[6] the court will not construct arguments on Plaintiff's behalf and Plaintiff must comply with "the same rules of procedure that govern other litigants."[7]

### II.      Legal Standard for Motion to Dismiss Failure to State a Claim

A party moving to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is asserting the defense of "failure to state a claim upon which relief can be granted."[8] To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to

---

[4] First Amended Complaint at 3.

[5] *Trackwell v. United States,* 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).

[6] *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (alteration omitted)).

[7] *Serna v. Irvine,* 2023 U.S. Dist. LEXIS 33171, at *4 (D. Colo. Feb. 28, 2023) (citation omitted); *see also Ogden v. San Juan Cnty.,* 32 F.3d 452, 455 (10th Cir. 1994) (requiring a pro se litigant to "comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").

[8] Fed. R. Civ. P. 12(b)(6).

'state a claim for relief that is plausible on its face.'"[9] A court should "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief."[10] Although the factual allegations of the complaint need not be detailed, they must contain more than a "formulaic recitation of the elements of a cause of action"[11] and conclusory statements are "not entitled to be assumed true."[12] Indeed, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[13]

## DISCUSSION

Defendant Capital One challenges each of Plaintiff's four causes of action, claiming they should be dismissed. The court addresses each in turn.

### I.    Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d-g

Capital One argues it is not a debt collector under the FDCPA. The term "debt collector" means "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."[14] Because Capital One is not a debt collector, then Plaintiff's first cause of action fails to state a claim. Plaintiff seeks to overcome Defendant's position arguing "creditors may be

---

[9] *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

[10] *Gallagher v. Shelton,* 587 F.3d 1063, 1068 (10th Cir. 2009).

[11] *Ashcroft,* 556 U.S at 678 (quoting *Bell,* 550 U.S. at 555).

[12] *Id.* at 664.

[13] *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir. 1991).

[14] 15 U.S.C. § 1692a.

vicariously liable for FDCPA violations committed by their collection agents."[15] And, in support, Plaintiff points to authority asserting that while the other Defendants Johnson Mark and ABC Legal Services are directly liable as debt collectors, Capital One may be vicariously liable if they act on its behalf.

Courts have recognized that the "distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all."[16] One judge in noting this distinction, provided that the term debt collector, interestingly, "does not include the creditor collecting its own debt."[17] The authority relied on by Plaintiff does not refute this general principle and it does not support vicarious lability in this case. First, in *Fox v. Citicorp Credit Servs.*, the Ninth Circuit did conclude an attorney may be subject to the definition of a "debt collector" as set forth in the statute.[18] The attorney in *Fox* was a "debt collector" because that attorney "regularly collects or attempts to collect, directly or indirectly, debts owed or due … another."[19] Here, Plaintiff does not point to any evidence supporting the argument that Johnson Mark and ABC Legal Services are debt collectors under the FDCPA. Instead, Plaintiff simply makes the broad assertion that they are debt collectors without offering any support.

Further, even if the court were to presume these Defendants were debt collectors, their actions cannot automatically be used for vicarious liability as Plaintiff suggests. Plaintiff's

---

[15] Op. at 6.

[16] *Randolph v. IMBS, Inc.*, 368 F.3d 726, 729 (7th Cir. 2004); *see also Schmitt v. FMA All.*, 398 F.3d 995, 998 (8th Cir. 2005) (noting the distinction between creditors and debt collectors under the FDCPA); *Aubert v. American Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir.1998) ("Creditors who collect in their own name and whose principal business is not debt collection ... are not subject to the Act.... Because creditors are generally presumed to restrain their abusive collection practices out of a desire to protect their corporate goodwill, their debt collection activities are not subject to the Act unless they collect under a name other than their own.").

[17] Hon. D. Duff McKee, *Liability of Debt Collector to Debtor under the Federal Fair Debt Collection Practices Act*, 41 Am.Jur. Proof of Facts 3d 159, at § 3 (1997)

[18] *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1513 (9th Cir. 1994).

[19] *Id.*

second stated authority out of the Third Circuit, *Pollice v. Nat'l Tax Funding, L.P.,*[20] directly undermines Plaintiff's argument. In considering assertions of vicarious liability, the *Pollice* court explicitly declined to impose liability on non-debt collectors agreeing with the Sixth Circuit. The court stated:

> We do not think it would accord with the intent of Congress, as manifested in the terms of the [FDCPA], for a company that is not a debt collector to be held vicariously liable for a collection suit filing that violates the Act only because the filing attorney is a "debt collector." Section 1692k imposes liability only on a "debt collector who fails to comply with [a] provision of this subchapter...." The plaintiffs would have us impose liability on non-debt collectors too. This we decline to do.[21]

Thus, "vicarious liability under the FDCPA will be imposed for an attorney's violations of the FDCPA if both the attorney and the client are debt collectors as defined [in the Act]."[22]

Finally, in *Janetos v. Fulton Friedman & Gullace, LLP.,*[23] the Seventh Circuit pointed to both *Pollice* and *Fox* in noting that at "least two other circuits have held debt collectors liable for violations of the Fair Debt Collection Practices Act committed by others acting on their behalf."[24] Agreeing with the Third Circuit, the *Janetos* court noted the key question is "whether the defendant whom a plaintiff seeks to hold vicariously liable is itself a debt collector."[25] If that entity is also a debt collector, then it cannot avoid liability for unlawful debt collection practices by contracting with another. However, "a company that is not a debt collector would not ordinarily be subject to liability under the Act at all."[26]

---

[20] 225 F.3d 379 (3d Cir. 2000).

[21] *Id.* at 404 (quoting *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 108 (6th Cir. 1996)).

[22] *Id.*

[23] 825 F.3d 317 (7th Cir. 2016).

[24] *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325 (7th Cir. 2016)

[25] *Id.*

[26] *Id.*

5

Capital One is not a debt collector under the FDCPA. Liability under the FDCPA is not automatically extended to Capital One based on its attorneys or ABC Legal Services and Plaintiff's authority does not suggest otherwise. Thus, Plaintiff's FDCPA claim against Capital One fails as a matter of law.

## II.    Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)

Mr. Lee alleges Capital One violated the FCRA by failing to conduct a reasonable investigation after he "certified disputes—via a June 2 CFPB complaint and a June 10 CRA letters".[27] Capital One also failed to verify account ownership before reporting or mark the account as disputed. All these violated 15 U.S.C. § 1681s-2(b).

The FCRA obligates furnishers of information, such as Capital One, to provide accurate information to consumer reporting agencies. Upon receiving notice of a dispute from a credit reporting agency (CRA), Capital One is to "(1) investigate the disputed information; (2) review all relevant information provided by the CRA; (3) report the results of the investigation to the CRA; (4) report the results of the investigation to all other CRAs if the investigation reveals that the information is incomplete or inaccurate; and (5) modify, delete, or permanently block the reporting of the disputed information if it is determined to be inaccurate, incomplete, or unverifiable."[28] These duties listed in § 1681s-2(b) arise "only after the furnisher receives notice of a dispute from a CRA; notice of a dispute received directly from the consumer does not

---

[27] First Amended Complaint at 13.

[28] *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009).

trigger furnishers' duties under subsection (b)."[29] Thus, a consumer cannot recover under §

1681s-2(b) if they do not initiate the process for recovery by notifying a CRA of the dispute.[30]

Here, Plaintiff fails to allege that any CRA provided notice of a dispute to Capital One.

Instead, Plaintiff makes general assertions about "certified disputes" and relies on paragraphs 19

and 20 in the Amended Complaint. These paragraphs provide:

> 19. On or about June 10, 2025, Plaintiff submitted a comprehensive dispute to Experian, Equifax, and TransUnion ("CRA") challenging all information related to the Capital One tradeline, ensuring both Capital One and the CRAs were on formal notice with his correct address and to investigate and correct accordingly.

> 20. On or about June 18, 2025, the CFPB referred the June 7 complaint against ABC Services to the Federal Trade Commission for further investigation. Shortly thereafter, I received mailed notice at Plaintiff's correct address with results of the June 10 credit-report disputes—demonstrating that Capital One had validly acknowledged and used the Plaintiff's proper address, signaling that Capital One had received valid acknowledgement of the correct address.[31]

Neither of these paragraphs provide an allegation that Capital One received notice of the dispute

from a CRA. Plaintiff suggests that one may infer Capital One received notice of the dispute

from the CRAs. But, even with "results" sent to him via mail, it is still unclear about what the

results indicated, who generated them or mailed them, and what type of notice this provided

Capital One.

In addition, Plaintiff's argument that there is some duty on Capital One under the FCRA

to verify ownership of the account is misplaced. And arguments regarding Capital One, N.A., not

---

[29] *Id.* (citation modified); *see also Willis v. Cap. One Corp.*, 611 F. App'x 500, 502 (10th Cir. 2015) (noting the "furnisher's duty to investigate arises only after a CRA notifies the furnisher of a dispute and, conversely, does not arise when notice is provided 'directly from a consumer.'").

[30] *See id.*

[31] First Amended Complaint at 7.

owning accounts due to the merger of Capital One Bank and Capital One National Association post-merger are meritless. Plaintiff fails to allege a bona fide dispute for Defendant to report.[32]

In sum, Plaintiff fails to allege what is needed to bring a claim under § 1681s-2(b) and therefore this claim should be dismissed.

### III.    Tortious Interference and Retaliatory Abuse of Process

"Tortious interference requires (1) that the defendant intentionally interfere with the plaintiff's existing or potential economic relations (2) by improper means (3) causing injury to the plaintiff."[33] "A party is subject to liability for an intentional interference with present contractual relations if he intentionally and improperly causes one of the parties not to perform the contract."[34] Liability for future contractional relations is similar, a party causes another party to not perform a future contract.

Plaintiff alleges he "lost valuable refinancing and SBA-loan opportunities and suffered both reputational and emotional harm."[35] Mr. Lee does not allege he lost any present or future contract and makes general references to lost opportunities. Realizing this flaw, Mr. Lee in opposition provides "Tortious interference requires a contract, but abuse of process does not."[36] Thus, Plaintiff turns his focus to abuse of process claiming that occurred in this case. In support Plaintiff points to allegations in the Amended Complaint that Defendant filed a false affidavit of

---

[32] *Sartori v. Susan C. Little & Assocs., P.A.*, 571 F. App'x 677, 682 (10th Cir. 2014) ("Although some courts have held that a furnisher of information violates § 1681 s–2(b) if it fails to identify that a consumer disputes the information, the dispute must be 'bona fide,' i.e., one 'that could materially alter how the reported debt is understood.'")

[33] *Complete Merch. Sols., LLC v. Davis*, No. 2:24-CV-00789-RJS-DAO, 2024 WL 5057687, at *3 (D. Utah Dec. 10, 2024) (citing *AH Aero Serv., LLC v. Heber City*, No. 2:17-CV-1118-TC, 2018 WL 2723883, at *9 (D. Utah June 6, 2018)).

[34] *St. Benedict's Dev. Co. v. St. Benedict's Hosp.*, 811 P.2d 194, 201, 1991 WL 76472 (Utah 1991).

[35] First Amended Complaint at 16.

[36] Op. at 8.

service in the underlying collective action. This affidavit was allegedly defective because it utilized Plaintiff's former residence where his ex-spouse resides. An abuse of process claim requires more than this.

An abuse of legal process is where such process is used for an unlawful object, i.e. not the purpose intended by law. "[T]o establish a claim for abuse of process, a claimant must demonstrate first, an ulterior purpose; [and] second, an act in the use of the process not proper in the regular prosecution of the proceedings."[37] "To satisfy the 'willful act' requirement, a party must point to conduct independent of legal process itself that corroborates the alleged improper purpose."[38] Legal process with a bad motive is not enough. A party must allege "a corroborating act of a nature other than legal process ...."[39] If legal process is used for its proper and intended purpose, but it has collateral effects, there is no abuse of process.

Plaintiff fails to meet the required standard to show an abuse of process claim. No willful act is identified, and Capital One used the affidavit in the underlying collective action. There is no unlawful object of its use even if it may have an error in it as alleged by Plaintiff. Thus, this claim also fails.

### IV.    Invasion of Privacy and Unauthorized Disclosure

Mr. Lee asserts Capital One invaded his privacy and improperly disclosed information by "disclos[ing] information tied to an alleged Capital One account to Plaintiff's ex-spouse", "fil[ing] materials … that publicly identified the private residence where Plaintiff's minor

---

[37] *Segment Consulting Mgmt., LTD. v. Streamline Mfg., LLC*, No. 2:19-CV-933 TS-EJF, 2020 WL 907154, at *3 (D. Utah Feb. 25, 2020) (citation modified) (quoting *Anderson Dev. Co. v. Tobias*, 116 P.3d 323, 341 (Utah 2005)).

[38] *Hatch v. Davis*, 147 P.3d 383, 390 (Utah 2006).

[39] *Id.*

children live", and publicized  the "residence of minor children in connection with an alleged account …"[40]  Each of these arguments fail.

Mr. Lee fails to allege the required publicity element for his claim. Although troubling to Plaintiff, the alleged harms here are "not the same kind of harm as public disclosure of private facts, which is concerned with highly offensive information being widely known."[41] In essence, it is "not an invasion of the right of privacy … to communicate a fact concerning the plaintiff's private life to a single person or even to a small group of persons."[42] Nor is it a violation of privacy to disclose a former physical address and Utah law does not require its redaction.[43] Next, Plaintiff's argument that "Utah law requires redaction and protection of minors' custodial addresses" is unsupported and Plaintiff's cited authority to the Utah Rules of Civil Procedure in support is completely wrong.[44] Finally, the allegations of "reputational harm, co-parenting disruption, emotional distress, and the ongoing association of … children's residence with an alleged account" do not revive this claim. The information here was not widely disclosed and was largely the subject of publicly available information. "Court records are presumptively open to the public"[45] as noted in the Court's Local Rules and Plaintiff offers nothing to overcome that presumption or establish that Defendant somehow violated his right to privacy. This claim fails to state a claim for relief.

---

[40] Op. at 10-11.

[41] *Shields v. Pro. Bureau of Collections of Maryland, Inc.*, 55 F.4th 823, 829 (10th Cir. 2022).

[42] *Id.* (citation omitted).

[43] *See* Utah Code Ann. § 17-21-12.5 Redacting personal information.

[44] Plaintiff cites to Utah Rule of Civil Procedure 5(f) which concerns the filing of an affidavit or declaration and does not address minors' custodial addresses.

[45] DUCivR 5-2(a) (2025).

## RECOMMENDATION

For the reasons set forth above, the undersigned RECOMMENDS that Defendant's Motion to Dismiss be GRANTED.[46]

## <u>NOTICE TO PARTIES</u>

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[47] The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court of for appellate review."[48] Failure to object may constitution waiver of the objections upon subsequent review.

DATED this 24 February 2026.

_____
Dustin B. Pead
United States Magistrate Judge

---

[46] *Sheldon v. Vermonty*, 269 F.3d 1202, 1207 n.5 (10th Cir. 2001) (explaining that dismissal with prejudice is appropriate where a plaintiff's amended pleadings fail to cure the deficiencies in his claims); *Creamer v. Washburn L. Sch.*, No. 19-CV-2044-CM-TJJ, 2019 WL 2647682, at *3 (D. Kan. Apr. 24, 2019) ("Plaintiff has already filed an Amended Complaint that also fails to state a claim upon which relief may be granted, so it appears it would be futile to allow Plaintiff to amend her complaint again."), *report and recommendation adopted*, No. 19-2044-CM-TJJ, 2019 WL 2646660 (D. Kan. June 27, 2019); *Carey v. Avis Budget Car Rental, LLC*, No. 13-CV-0326-CVE-FHM, 2013 WL 5744754, at *7 (N.D. Okla. Oct. 23, 2013) ("Plaintiff has previously been given leave to amend her complaint. Plaintiff's amended complaint, like her original complaint, fails to state a claim. The Court finds that granting plaintiff leave to amend her complaint a second time would be futile.").

[47] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[48] *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.,* 73 F.3d 1057, 1060 (10th Cir. 1996).