THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Ryan Lee,<br><br>                 Plaintiff,<br>v.<br><br>Capital One Bank (USA), N.A.; Johnson Mark, LLC; ABC Legal Services,<br><br>                 Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:25-cv-540 TC DBP<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Dustin B. Pead |

This matter comes before the court on Defendant ABC Legal Services Motion to Dismiss.[1] For the reasons set forth below, the court recommends ABC Legal's Motion to Dismiss be gratned.[2]

**BACKGROUND**

Pro se Plaintiff Ryan Lee filed this matter initially on July 29, 2025, and on that same day, he also filed a First Amended Complaint.[3] The matter arises from Plaintiff's dissatisfaction with process service in a state court collection action where Defendant Capital One Bank is seeking to collect on a debt. In May 2025, ABC Legal was hired to serve Plaintiff with a summons and complaint in the collection action. ABC Legal attempted service at what was believed to be Plaintiff's residence, but it turned out to be the address of his ex-spouse. Multiple attempts were made at this incorrect address. Eventually, ABC Legal's process server executed an affidavit of service indicating that substitute service was completed by delivering the

---

[1] ECF No.

[2] This matter is referred to the undersigned from Judge Tena Campbell pursuant to 28 U.S.C. § 636(b)(1)(B) for disposition of all matters. ECF No. 36.

[3] Redacted First Amended Complaint, ECF No. 9.

documents to an individual at that address. This was Plaintiff's ex-spouse. The affidavit was filed with the Utah state court.

Plaintiff then subsequently filed this matter bringing claims of (1) violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d-g; (2) violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b); (3) Tortious Interference and Retaliatory Abuse of Process; and (4) Invasion of Privacy and Unauthorized Disclosure. Plaintiff seeks "compensatory and punitive damages under the FCRA, FDCPA, and state tort law, and requests injunctive and declaratory relief to prevent continued procedural abuse by creditors and collectors who act without standing or due diligence."[4]

## LEGAL STANDARD

### I.    Legal Standard for Pro Se Plaintiff

Mr. Lee proceeds pro se. The court therefore reviews Plaintiff's "pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."[5] While making allowances for "failure to cite proper legal authority, confusion of various legal theories, poor syntax and sentence structure, or unfamiliarity with the pleading requirements,"[6] the court will not construct arguments on Plaintiff's behalf and Plaintiff must comply with "the same rules of procedure that govern other litigants."[7] A "pro se litigant is still obligated to follow the requirements of Fed.R.Civ.P. 4."[8]

---

[4] First Amended Complaint at 3.

[5] *Trackwell v. United States,* 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).

[6] *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (alteration omitted)).

[7] *Serna v. Irvine,* 2023 U.S. Dist. LEXIS 33171, at *4 (D. Colo. Feb. 28, 2023) (citation omitted); *see also Ogden v. San Juan Cnty.,* 32 F.3d 452, 455 (10th Cir. 1994) (requiring a pro se litigant to "comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").

[8] *DiCesare v. Stuart*, 12 F.3d 973, 980, 1993 WL 524388 (10th Cir. 1993).

**II.    Legal Standard for Motion to Dismiss Failure to State a Claim**

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[9] A court should "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief."[10] Although the factual allegations of the complaint need not be detailed, they must contain more than a "formulaic recitation of the elements of a cause of action"[11] and conclusory statements are "not entitled to be assumed true."[12] Indeed, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[13]

## DISCUSSION

ABC Legal argues Plaintiff's claims should be dismissed for two independent reasons. First, Plaintiff failed to properly serve ABC Legal with the summons and complaint. Plaintiff's process server left the documents with an HR employee at ABC Legal's Seattle headquarters who is not authorized to accept service. Second, ABC Legal asserts that presuming service was proper, this matter should be dismissed because Plaintiff's claims fail to state a claim against ABC Legal. Specifically, the First Amended Complaint contains conclusory allegations about the alleged "false affidavit."

---

[9] *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

[10] *Gallagher v. Shelton,* 587 F.3d 1063, 1068 (10th Cir. 2009).

[11] *Ashcroft,* 556 U.S at 678 (quoting *Bell,* 550 U.S. at 555).

[12] *Id.* at 664.

[13] *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir. 1991).

Rule 12(b)(5) governs motions to dismiss for insufficient service of process. In opposing a motion to dismiss for insufficient service of process, plaintiff bears the burden to make a prima facie case that he has satisfied the statutory and due process requirements to permit the court to exercise personal jurisdiction over a defendant. Here Plaintiff argues the Rule 12(b)(5) motion is now moot because Plaintiff perfected service on ABC Legal's registered agent within the time frame required under Federal Rule 4(m). ABC Legal opposes this argument asserting the authority relied on by Plaintiff, *Espinoza v. United States*[14] and *Pell v. Azar Nut Co.*,[15] does not support Plaintiff's position. The court agrees that Plaintiff's authority is misplaced. However, the court has wide discretion in considering a Rule 12(b)(5) motion. This includes dismissing a case if it appears unlikely that proper service can be instituted. Or quashing service and giving a plaintiff an opportunity to re-serve the defendant.[16] The court finds Plaintiff reserved ABC Legal and therefore the court will deny the 12(b)(5) motion and move to address ABC Legal's contention for dismissal under Rule 12(b)(6).[17]

ABC Legal argues Plaintiff's tortious interference claim fails because no contractual relationship was disrupted. The court agrees. "A party is subject to liability for an intentional interference with present contractual relations if he intentionally and improperly causes one of the parties not to perform the contract."[18] Liability for future contractional relations is similar, a

---

[14] 52 F.3d 838 (10th Cir. 1995).

[15] 711 F.2d 949 (10th Cir. 1983).

[16] *See Pell*, 711 F.2d at 950, n.2; *Lasky v. Lansford*, 76 F. App'x 240, 242 (10th Cir. 2003) (concluding the district court did not abuse its discretion for dismissing the complaint for failure to properly serve the defendants); *SMHG Phase I, LLC v. Eisenberg*, No. 1:22-CV-00035-DBB-JCB, 2024 WL 1578193, at *6 (D. Utah Mar. 15, 2024), report and recommendation adopted, No. 1:22-CV-00035, 2024 WL 1406498 (D. Utah Apr. 2, 2024).

[17] *See, e.g., Gallan v. Bloom Bus. Jets, LLC*, No. 19-CV-3050-WJM-SKC, 2020 WL 4904580 (D. Colo. Aug. 20, 2020) (denying Rule 12(b)(5) motion where process was properly served on the defendants only 9 days after the deadline passed); *SMHG Phase I, LLC* 2024 WL 1578193, at *7 (recommending denying the motion to dismiss for insufficient service and allowing an extension for proper service).

[18] *St. Benedict's Dev. Co. v. St. Benedict's Hosp.*, 811 P.2d 194, 201, 1991 WL 76472 (Utah 1991).

party causes another party to not perform a future contract. Plaintiff's allegations are general in nature and claim "lost opportunities" without much more. This is insufficient.

In similar fashion, Plaintiff's claims are insufficient to establish a claim for abuse of legal process. "[T]o establish a claim for abuse of process, a claimant must demonstrate first, an ulterior purpose; [and] second, an act in the use of the process not proper in the regular prosecution of the proceedings."[19] "To satisfy the 'willful act' requirement, a party must point to conduct independent of legal process itself that corroborates the alleged improper purpose."[20] Legal process with a bad motive is not enough. A party must allege "a corroborating act of a nature other than legal process ...."[21] If legal process is used for its proper and intended purpose, but it has collateral effects, there is no abuse of process. Here, Plaintiff does not provide any willful act or any ulterior purpose by ABC Legal. ABC Legal sought to serve Mr. Lee for the underlying collective action. Even assuming problems with that service, there is not enough to maintain a claim for abuse of process against ABC Legal.

Next, Plaintiff's invasion of privacy and unauthorized disclosure claims fail. It "is not an invasion of the right of privacy, …, to communicate a fact concerning the plaintiff's private life to a single person or even to a small group of persons."[22] Plaintiff fails to allege anything close to the required publicity element here thus these claims fail.[23]

Finally, the claims under the FDCPA and the FCRA are either inapplicable to ABC Legal or fail. Thus, Plaintiff's First Amended Complaint should be dismissed as to ABC Legal.

---

[19] *Segment Consulting Mgmt., LTD. v. Streamline Mfg., LLC*, No. 2:19-CV-933 TS-EJF, 2020 WL 907154, at *3 (D. Utah Feb. 25, 2020) (citation modified) (quoting *Anderson Dev. Co. v. Tobias*, 116 P.3d 323, 341 (Utah 2005)).

[20] *Hatch v. Davis*, 147 P.3d 383, 390 (Utah 2006).

[21] *Id.*

[22] *Shields v. Pro. Bureau of Collections of Maryland, Inc.*, 55 F.4th 823, 829 (10th Cir. 2022) (citation modified).

[23] *See id.*

In closing, the court notes its concern with the use of artificial intelligence (AI) in this case. ABC Legal avers that Plaintiff's use of AI in this case undermines the discretion given to Mr. Lee as a pro se party and raises serious concerns due to the misstatements of the law and holdings in Plaintiff's cited authority. Based on these problems, ABC Legal asks the court to "disregard any AI-generated portions of Plaintiff's opposition to the extent they are inaccurate or hallucinated" and to the extent Mr. Lee "relies primarily on such content without providing specific factual support for its claims."[24]

Judges have increasingly sanctioned attorneys and parties for using generative AI tools, such as ChatGPT, to draft legal documents that contain fabricated cases, fake citations, or "hallucinated" legal arguments. For example, in *Lexos Media IP, LLC v. Overstock.com, Inc.*,[25] a Judge in this Circuit fined multiple attorneys for submitting documents in the case that contained defective legal citations created using generative AI.[26] Another court in this Circuit noted that Rule 11 and possible sanctions apply to the use of AI.[27] Pro se parties are not immune and have also been sanctioned for false citations in filings.[28] The court declines ABC Legal's invitation regarding Plaintiff's AI generated materials. However, the admonition of the Seventh Circuit is appropriate here for Mr. Lee:

> As *pro se* litigants employ AI to assist with court filings, a basic reminder seems wise. Accuracy and honesty matter. Indeed, the submission of a legal filing constitutes a representation to a court and, as the Federal Rules of Civil Procedure put the point, both attorneys and unrepresented parties are certifying "that to the

---

[24] Reply at 3, ECF No. 37.

[25] No. 22-2324-JAR, 2026 WL 265581 (D. Kan. Feb. 2, 2026).

[26] *Id.* at *17.

[27] *Coomer v. Lindell*, No. 22-CV-01129, 2025 WL 1865282, at *3 (D. Colo. July 7, 2025) (collecting cases).

[28] *Chumpitaz-Morales v. Bondi*, No. 25-9527, 2026 WL 382144, at *4 (10th Cir. Feb. 11, 2026) (finding the pro se parties' brief misrepresents the holdings of several cases and the court may sanction parties who make such misrepresentations); *Grant v. City of Long Beach*, 96 F.4th 1255, 1257 (9th Cir. 2024) (dismissing appeal because of fabricated citations); *Ali v. IT People Corp., Inc.*, No. 2:25-CV-10815, 2025 WL 2682622, at *3 (E.D. Mich. Sept. 19, 2025) (sanctioning pro se party $200 for each misrepresentation in a filing).

best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances," the "factual contentions have evidentiary support" and the "legal contentions are warranted by existing law or a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2), (3); .… all litigants—represented and unrepresented—must read their filings and take reasonable care to avoid misrepresentations, factual and legal.[29]

Plaintiff is admonished to take greater care to avoid misrepresentations in his filings or face possible sanctions.

## RECOMMENDATION

For the reasons set forth above, the undersigned RECOMMENDS that Defendant's Motion to Dismiss under Rule 12(b)(6) be GRANTED and that this action be DISMISSED.[30]

## **NOTICE TO PARTIES**

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[31] The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de

---

[29] *Jones v. Kankakee Cnty. Sheriff's Dep't*, 164 F.4th 967, 970 (7th Cir. 2026).

[30] *Sheldon v. Vermonty*, 269 F.3d 1202, 1207 n.5 (10th Cir. 2001) (explaining that dismissal with prejudice is appropriate where a plaintiff's amended pleadings fail to cure the deficiencies in his claims); *Creamer v. Washburn L. Sch.*, No. 19-CV-2044-CM-TJJ, 2019 WL 2647682, at *3 (D. Kan. Apr. 24, 2019) ("Plaintiff has already filed an Amended Complaint that also fails to state a claim upon which relief may be granted, so it appears it would be futile to allow Plaintiff to amend her complaint again."), *report and recommendation adopted*, No. 19-2044-CM-TJJ, 2019 WL 2646660 (D. Kan. June 27, 2019); *Carey v. Avis Budget Car Rental, LLC*, No. 13-CV-0326-CVE-FHM, 2013 WL 5744754, at *7 (N.D. Okla. Oct. 23, 2013) ("Plaintiff has previously been given leave to amend her complaint. Plaintiff's amended complaint, like her original complaint, fails to state a claim. The Court finds that granting plaintiff leave to amend her complaint a second time would be futile.").

[31] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

novo review by the district court of for appellate review."[32] Failure to object may constitution

waiver of the objections upon subsequent review.


DATED this 24 February 2026.

Dustin B. Pead
United States Magistrate Judge

---

[32] *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.,* 73 F.3d 1057, 1060 (10th
Cir. 1996).